## WILLIAM CAMPBELL v. STATE.

No. A-4116.     Opinion Filed April 19, 1924.
(224 Pac. 722.)

(Syllabus.)

**Homicide—Conflicting Evidence Insufficient to Sustain Conviction.**
The evidence as a whole is insufficient to support the verdict, for the reason that the facts proved were inconsistent with each other and not inconsistent with several reasonable deductions pointing to the innocence of the accused.

Appeal from District Court, Cotton County; T. P. Clay, Judge.

William Campbell was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded with instructions.

D. M. Bridges and Lon Morris, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. This is an appeal from a judgment and sentence of conviction for the crime of manslaughter in the first degree, upon an information charging plaintiff in error with the murder of J. L. Dobbs on the 4th day of August, 1920.

The conviction rests largely upon circumstantial evidence of human foot tracks made by a person wearing tennis shoes, and the showing that the accused wore such shoes and was the owner of a .38 caliber pistol. The accused, by the testimony of disinterested neighbors, established a reasonable, good alibi; the accused and the deceased were good friends, and no impelling motive was shown why the accused would have committed the homicidal act.

The record of the testimony comprises about 400 typewritten pages. The accused, among other things, says that the evidence as a whole is insufficient to support the verdict,

for the reason that the facts proved were inconsistent with each other and not inconsistent with several reasonable deductions pointing to the innocence of the accused.

This court, under the circumstances here, is justified in dispensing with a tedious recital of the evidence. It is sufficient to say that a careful, painstaking analysis of all the evidence does not exclude every other reasonable hypothesis than the guilt of the accused. Assuming that all of the state's evidence is true, the deceased may have been slain by persons who had been in the habit of stealing watermelons from the field where his body was found; he may have been killed by another neighbor; or the killing may have been accidental.

The judgment and sentence are therefore set aside, and a new trial ordered, in the event that the state is able to produce additional evidence, otherwise the prosecution should be dismissed.

The cause is reversed and remanded, with instructions to proceed as outlined above.

MATSON, P. J., and DOYLE, J., concur.